441 So.2d 817 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lawrence BERNARD, Defendant-Appellant.
No. CR83-429.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*818 Ronald J. Bertrand, Rayne, for defendant-appellant.
Glenn Foreman, Asst. Dist. Atty., Crowley, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
Defendant, Lawrence Bernard, was charged with distribution of phenmetrazine in violation of LSA-R.S. 40:967. He pleaded not guilty, waived his right to trial by jury and elected trial by judge. After the presentation of the State's case, the defendant moved for a directed verdict based upon the defense of entrapment. The trial judge denied the motion and the defendant proceeded with his case. Defendant was found guilty and sentenced to serve a term of two years and six months at hard labor.
Defendant assigns three errors alleging that the trial court erred in (1) holding that the defendant was a principal within the meaning of LSA-R.S. 14:24, (2) denying the defendant's motion for a directed verdict based upon the defense of entrapment and (3) in finding that there was sufficient evidence to find defendant guilty beyond a reasonable doubt. We affirm.

FACTS
On August 12, 1981, State Trooper Michael J. Simon, an undercover narcotics officer, received information from a confidential informant that an unidentified person *819 would be possessing or distributing preludin tablets that night at a baseball park in Crowley, Louisiana. Based upon this information Officer Simon went to the park at approximately 8:00 PM.
While waiting at the ball park, Officer Simon met Rufus Bias. According to Officer Simon this meeting was not planned. He testified that Bias had recognized him as he sat watching the ball game, approached him and started a conversation. Apparently, Bias did not know that Simon was an undercover narcotics officer. Bias knew Simon because he had been in the company of people from whom Simon had bought drugs. It is also apparent that on several occasions Bias had unwittingly aided Simon by letting him know that there were going to be drugs available at certain places.
During their conversation Bias asked Simon if he was looking for any preludin. Simon responded yes and was told that there would be some available in the area within a short period of time. At approximately 10:00 PM a car driven by the defendant arrived at the ball park. At this point, Simon testified that Bias said, "Here are the pills."
The two approached the car. The defendant got out of the car and met with Officer Simon and Bias. Defendant and Bias moved away from Officer Simon and began talking. Officer Simon testified that he heard Bias say to the defendant, "You have any ludes?", and at that point Simon approached them. Bias asked Simon how many he wanted. Simon asked the defendant how much the pills would cost. He testified that defendant responded "$17.00 a piece".
The three then went back to the car. Defendant sat in the driver's seat. Officer Simon stood between the left front side of the car and the opened driver's door, and Bias apparently crouched in the space between the opened driver's door next to the defendant. Officer Simon observed one female seated in the passenger's front seat and two other females seated in the back seat.
Officer Simon then told defendant the number of pills he wanted and handed defendant two $100.00 bills. Defendant lit a cigarette lighter and examined the bills, apparently to see if they were counterfeit. At this point, Officer Simon testified that a discussion took place within the car about whether or not to sell the pills and at what price. After the discussion ended, the female passenger in the front seat handed the pills and some change to Bias. Bias then passed the pills and the change to Officer Simon. This completed the transaction.
Officer Simon put the evidence into the trunk of his car and submitted it to the police crime lab at a later date. The chain of custody and the chemical identification of these pills are not at issue on this appeal.
Although the general rule is that a defendant cannot both plead entrapment and deny committing the acts on which the prosecution is predicated, the rule is not inflexible, and it is not equivalent to a confession of guilt. U.S. v. Sedigh, 658 F.2d 1010 (5th Cir.1981), cert. denied, 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 462 (1982). See also, U.S. v. Daniels, 572 F.2d 535 (5th Cir.1978);State v. Harrington, 332 So.2d 764 (La.1976).
The assignments of error will be discussed in reverse numerical sequence.
ASSIGNMENT OF ERROR NO. 3
By this assignment, defendant urges that there was not sufficient evidence to find him guilty beyond a reasonable doubt. In support of this argument, the defendant points to contradictions and inconsistencies in the testimony of the State's chief witness, Officer Simon.
The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
*820 Defendant is charged with distribution of phenmetrazine in violation of LSA-R.S. 40:967. That statute reads in pertinent part as follows:
"A. Manufacture, distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
"(1) To produce, manufacture, distribute, or dispense ... a controlled dangerous substance classified in Schedule II..."
In spite of the words that "it shall be unlawful for any person knowingly or intentionally ..." to do the prohibited acts, the statute requires no more than general criminal intent. LSA-R.S. 14:11; State v. Banks, 307 So.2d 594 (La.1975). A distribution offense is a crime requiring only general criminal intent. Such intent is established by mere proof of voluntary distribution. State v. Williams, 352 So.2d 1295 (La.1977); State v. Clark, 338 So.2d 690 (La.1976). Thus, the State must prove beyond a reasonable doubt that the defendant voluntarily distributed the preluden pills.
The contradictions and inconsistencies defendant points to in Officer Simon's testimony are of minor importance to the State's case when the evidence as a whole is viewed in the light most favorable to the prosecution. Viewed in this light, the evidence shows beyond a reasonable doubt that defendant, of his own accord, came to the ball park for the purpose of selling illegal drugs. When he met the prospective customer, he quoted his price, took cash in exchange for the pills and let his compatriot hand the pills and some change to his "customer".
We find that there was sufficient evidence to prove defendant's guilt beyond a reasonable doubt.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
The defendant claims the affirmative defense of entrapment and alleges that he was unlawfully induced by Officer Simon to commit the offense charged.
Under the generally accepted view an entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not then otherwise disposed to do so. State v. Batiste, 363 So.2d 639 (La. 1978). When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as on the conduct of the police. State v. Batiste, supra. For entrapment to exist, a defendant must be induced in some way to engage in criminal conduct which he is not otherwise disposed to engage in; an entrapment defense will not lie if the officers or agents have merely furnished a defendant, who is predisposed to commit the crime, the opportunities to do so. State v. Moody, 393 So.2d 1212 (La. 1981).
The evidence of record construed in the light most favorable to the prosecution shows beyond a reasonable doubt that Officer Simon merely furnished the opportunity for the defendant to become involved in the offense charged. From the evidence adduced at trial it appears that defendant came to the ball park at the request of Bias. The record indicates that Bias was not working for the police but was unknowingly supplying information to Officer Simon. Officer Simon did not know who would show up offering to sell drugs. Simon heard Bias ask defendant if he had any "ludes" and then Simon asked the price and defendant replied "$17.00 a piece". They went over to defendant's car, Simon handed defendant $200.00, he soon received the drugs and the transaction was completed. The evidence shows that the defendant readily became involved in the offense and he actively participated with no persuasion. The predisposition of defendant to be involved in an activity of this type resulted in the criminal conduct in this case.
This assignment is without merit.

*821 ASSIGNMENT OF ERROR NO. 1
The defendant urges that the trial judge erred in holding that defendant was a principal within the meaning of LSA-R.S. 14:24 which provides:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
Persons who aid and abet in the commission of a crime are guilty as principals although they do not directly commit the act constituting the offense. State v. Broussard, 312 So.2d 325 (La.1975). Although the defendant did not directly hand the drugs to Bias or Simon, he nevertheless was a principal.
The defendant took an active role in the commission of the offense. He voluntarily provided the transportation, quoted the price, and received the payment. The transaction was completed inside of his car. That the defendant may not have ever touched the pills himself is irrelevant. He was directly involved in its distribution.
This assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs. See my concurring opinion in State v. Gatson, 434 So.2d 1315.