PRICE, Judge.
Defendant, Zebedee Hall, appeals his conviction of armed robbery, La.R.S. 14:64. The defendant and his co-defendant, Leroy Jackson, were charged with the robbery of the M.L. Johnson Grocery Store located on Highway 71 in Bossier Parish. Finding no error by the trial court, we affirm.
On July 12, 1983 the defendant, in his 1976 model Honda Civic, picked up Leroy Jackson in Shreveport for the purpose of driving Jackson to Ringgold, Louisiana to “case” a bank for a robbery the following week. On the way to Ringgold, defendant and Jackson stopped at the M.L. Johnson Grocery Store located on Highway 71 in Bossier Parish. Jackson went into the store and bought cigarettes. The two then left the store and proceeded toward Ring-gold in the defendant’s car. Approximately two to three miles from the store Jackson indicated to the defendant that the grocery store would be an easy target as he had only observed an old lady in the store counting cash. Defendant then drove Jackson back to the store and gave to Jackson his .38 caliber Smith and Wessen revolver.
In the defendant’s statement to the police, the defendant indicated that he heard two shots fired inside the store, then Jackson left the store and got into the defendant’s vehicle. Defendant indicated that Jackson told him that he fired the two shots at a person he had seen exiting the rear of the store.
The two then fled the scene and proceeded down Highway 71 towards Ringgold. After buying $2.00 worth of gas at a truck stop, the defendant let Jackson out of his car at a wooded area in Red River Parish. Defendant did not receive any proceeds of the robbery other than the $2.00 worth of gas.
On the same day of the robbery, July 12, 1983, the defendant was arrested by the Bossier Parish Sheriff’s Department. The defendant gave statements to Bossier Parish detectives, both on the day of his arrest and on the following day, July 13, 1983. In the defendant’s second statement, the defendant informed the detectives that the .38 caliber revolver was his. Defendant also informed the detectives of plans of Jackson to case the Ringgold Bank. The defendant also told the detectives that he was to receive $1,000 in return for supply *117 ing the getaway car when they robbed the bank in Ringgold.
On appeal, the defendant asserts that the trial court erred in allowing the introduction of the defendant’s second statement taken on July 13, 1983. The defendant asserts that the references in the statement concerning casing the bank in Ring-gold resulted in the jury being presented evidence of other crimes, namely a criminal conspiracy to commit robbery. The trial court allowed the statements to be presented to the jury in its entirety ruling that the reference to the Ringgold Bank plan was part of the res gestae.
The general rule is that the state cannot introduce evidence of other criminal acts by the accused. This prohibition does not bar the admission of evidence of other criminal acts, which are an inseparable part of the whole deed. State v. Haarala, 398 So.2d 1093 (La.1981); State v. Broadway, 440 So.2d 828 (La.App. 2d Cir.1983); State v. Johnson, 440 So.2d 838 (La.App. 2d Cir.1983). Such acts are denominated as part of the res gestae and are admissible under the authority of La.R.S. 15:447 and 15:448. Admissible res gestae events are related to the charged offense to such an extent that the state could not accurately present its case without reference to them. State v. Broadway, supra.
Criminal acts included in the events leading to the armed robbery of the grocery store were part of a continuous chain of events culminating in the robbery of the store. The statement of the defendant clearly indicates that the two changed their plan to case the bank to a plan to rob the M.L. Johnson Grocery Store. It is apparent that the plans of defendant and Jackson formed one continuous event leading to robbery and as such constituted part of the res gestae of the events charged.
Finding no merit to the defendant’s assignment of error, we affirm.
AFFIRMED.