STOKER, Judge.
David Sampson, the defendant, was charged by a bill of information with the crime of armed robbery, a violation of La. R.S. 14:64. His trial began on July 5, 1983. On July 6, 1983, ten out of twelve jurors found him guilty as charged. The defendant moved for a new trial and the trial judge denied the motion. Defendant was sentenced to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. On May 15, 1984, defendant was granted an out-of-time appeal; thus, he appeals urging three assignments of error.
FACTS
On March 27, 1983, between 8:00 and 9:00 p.m., David Sampson and John Anderson walked into the Little General Store on Monroe Street in Alexandria. Mr. Sampson bought a bag of chips, while Mr. Anderson played a video game. According to the store clerk, both men left the store and came back a few minutes later. John Anderson pulled a gun and ordered the clerk to give him money. The clerk testified that David Sampson stood behind him saying, “Shoot her. Shoot that bitch. Shoot her. Kill her.” After getting the money, both men left the store. The clerk immediately called the police. A nearby policeman heard the report on his radio. He saw the two men coming down the street and approached them. John Anderson “snapped” the gun in the officer’s face. The gun clicked but did not fire. Both men evaded the officer and ran away.
According to David Sampson, he went into the store with John Anderson, but was completely surprised when Anderson pulled the gun and robbed the clerk. He stated that they entered the store only once and did not leave and come back. Mr. Anderson testified that the defendant did not know Anderson was going to rob the store, nor did defendant tell Anderson to shoot the clerk. John Anderson gave defendant approximately half of the money obtained in the robbery, or about $30.
ASSIGNMENTS OF ERROR
The defendant makes three assignments of error, as follows:
1. Trial court erred in that the defendant assigns error to his conviction and sentence as being unsupported by the law and the evidence, particularly in that the state failed to prove that the armed robbery was committed by David P. Sampson or that he was a principal in that armed robbery.
2. Trial court erred in that the defendant assigns error to the court’s action in overruling his motion for a new trial.
3. Trial court erred in that the defendant assigns error to the court’s sentence as it was excessive in light of all of the facts and circumstances surrounding the offense, and defendant’s prior record.
ASSIGNMENTS OF ERRORS NOS. 1 and 2
Defendant urges that there was insufficient evidence to prove that he committed the armed robbery or that he was a principal. Secondly, the trial court erred in denying his motion for a new trial because the verdict was contrary to the law and evidence in that there was insufficient evidence to convict defendant.
These assignments of error both involve the sufficiency of the evidence supporting defendant’s conviction and thus will be discussed together.
In reviewing sufficiency of the evidence the standard for review is that set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The question asked is whether any rational fact finder, viewing the evidence in the light most favorable to the prosecution, could have *339 found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, supra. The Jackson standard is used when a conviction involves direct or direct and circumstantial evidence. State v. Hebert, 444 So.2d 228 (La.App. 1st Cir.1983) and State v. Washington, 421 So.2d 887 (La.1982).
The defendant was convicted for armed robbery. Since he was not the one who actually robbed the clerk, his guilt must be established by his actions as a principal. La.R.S. 14:24 provides:
“All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.”
“Persons who aid and abet in the commission of a crime are guilty as principals although they do not directly commit the act constituting the offense.” State v. Bernard, 441 So.2d 817 (La.App. 3d Cir.1983), writ denied, 445 So.2d 439 (1984).
Armed robbery is defined by La.R.S. 14:64(A) as follows:
“Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”
The State’s burden was to prove the following: that defendant was concerned with the commission of a theft, of anything of value, from the possession or immediate control of another, by use of force or intimidation and while armed with a dangerous weapon. State v. Johnson, 440 So.2d 197 (La.App. 3d Cir.1983), writ denied, 444 So.2d 1240 (La.1984).
La.R.S. 14:67 defines “theft” thusly:
“Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
La.R.S. 14:2(2) defines anything of value as:
“ ‘Anything of value’ must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal of incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term ‘property.’ In all cases involving shoplifting the term ‘value’ is the actual retail price of the property at the time of the offense.”
A “dangerous weapon” is defined by La. R.S. 14:2(3) as:
“ ‘Dangerous weapon’ includes any gas, liquid or other substance or instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm.”
There is no question that an armed robbery was committed by John Anderson. In addition to the clerk’s eyewitness testimony, Anderson himself testified that he robbed the clerk. The only element of the crime at issue is whether the defendant was “concerned in the commission” of the crime in that he aided and abetted in its commission. State v. Johnson, supra. However, a jury’s inference that an accused aided and abetted in a crime cannot be mere speculation based upon guilt by association. State v. Schwander, 345 So.2d 1173 (La.1977).
Viewing the evidence in the light most favorable to the prosecution, one can conclude that Mr. Sampson entered the store with John Anderson. The two men left together, then returned about ten minutes later. Anderson pulled a gun on the store clerk and ordered her to give him the money. Sampson stood behind his friend encouraging him to shoot the clerk. After *340 the robbery both men ran from the store. When approached by the policeman shortly after the crime, David Sampson escaped with the help of John Anderson clicking the gun in the officer’s face. Sampson received approximately half of the proceeds of the robbery.
Since theft, an essential element of armed robbery, is a specific intent crime, the proof of a specific intent to deprive the owner permanently of the subject of the theft is also essential to the proof of armed robbery. State v. Johnson, 368 So.2d 719 (La.1979). An individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state. It is not enough to find merely that his accomplice had the necessary mental state, since this intent cannot be inferred to the accused. State v. Holmes, 388 So.2d 722 (La.1980). It must be shown that this accused also had the requisite specific intent to deprive the owner permanently of the money taken from the cash register.
Here, defendant told police that he had used his share of the proceeds to pay a debt, buy beer and chips and 'buy a hat. This shows that defendant specifically intended to deprive the owner permanently of the money.
Applying the Jackson standard we conclude that, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found, beyond a reasonable doubt, that David Sampson was a principal in the crime of armed robbery.
Defendant argues that his testimony was more credible than the clerk’s because of where the potato chips were found on the floor after the robbery and because the clerk had been robbed several times previously. However, it is well settled that the determination of credibility is a function of the trier of fact. State v. Robertson, 421 So.2d 843 (La.1982).
It would appear that these assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 3
Defendant argues that the sentence was excessive in light of all the facts and circumstances. The penalty for armed robbery is imprisonment at hard labor for not less than five and not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. Defendant was sentenced to ten years.
The defendant was barely seventeen years old at the time of the commission of the crime. He had his birthday only two days before. He was not in possession of a gun at the time of the robbery. He had no prior adult record and only one offense as a juvenile.
However, the defendant stood behind John Anderson while he robbed the store clerk and urged him to shoot her. This was a serious crime in which the victim was threatened with death or serious injury. We do not feel the sentence is excessive under the circumstances.
CONCLUSION
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the result.