H. WARD FONTENOT, Judge Pro Tem.
Douglas Wiggins was tried before a jury on the two (2) charges of accessory after the fact to aggravated battery, in violation of L.R.S. 14:25, and of attempted simple robbery, in violation of L.R.S. 14:27 and 14:65. He was acquitted on the charge of attempted simple robbery but a verdict of guilty was returned on the charge of accessory after the fact.
The defendant makes two assignments of error. One, there was no credible evidence to prove the crime, and, two, the sentence was excessive.
The crime occurred on July 1, 1983. John C. Ulmer, the victim, was 61 years old and resided near Forest Hill, Louisiana. It was a Friday and the day on which Ulmer received a paycheck. Leaving work, he went to his home, cleaned up, and went to a grocery store to pay a bill there. He then ate supper and afterwards began entertaining himself by going to taverns or other similar establishments where he drank beer and socialized with the other patrons. About midnight he stopped at a place which he referred to as a “little lounge” near the town of Woodworth which was on the route back to his home. While inside the building, he saw and recognized the defendant herein, Douglas Wiggins, and another individual named Lloyd Ray Coats. Ulmer drank one beer, returned to his vehicle, and continued on his way home. A short distance from the lounge, he became aware that an automobile was following him and his attention was attracted because its lights flashed on and off. He pulled off onto the shoulder of the road thinking that the flashing was a signal of distress. When he exited his car, he could see that Wiggins was the driver of the following car and that Coats was the passenger.
Coats exited the vehicle, announced to Ulmer that he was going to rob him, and immediately battered Ulmer to the ground. The victim attempted to give the assailant his money, but found that his billfold was no longer in his pocket. He called to the defendant to get a flashlight so that the billfold could be found. Wiggins went into Ulmer’s vehicle, retrieved a flashlight, and searched around the ground for the billfold. His search was based on the assumption that Ulmer had thrown the billfold some distance and the search was unsuccessful. The billfold was never found for the reason that Ulmer had not attempted to secret it away. It was discovered later that the billfold had simply slipped out of Ulmer’s pocket and was lying in the ditch directly beneath him.
Coats produced a knife and began stabbing the victim in the throat area in order to force the victim to disclose the location of the billfold. As occasional automobiles passed the scene, Wiggins and Coats would stoop or bend down to avoid detection.
When Coats and Wiggins realized that the billfold could not be found, Coats asked the victim if he knew who his assailants were. The victim responded affirmatively and Coats then told him, “Well, you know you’ve got to die, don’t you?” Then, Coats attempted to inflict a fatal wound upon the victim and he and Wiggins returned to the automobile in which they had arrived and drove away.
The victim, weak and partially paralyzed, lay in the ditch for eight hours until passing motorists discovered him and summoned medical help. He was hospitalized and nursed back to health but suffered some permanent disabilities as a result of the incident. He had difficulty testifying *1279 at the trial of the defendant due to the fact that his larynx had been damaged by the attack.
Lloyd Ray Coats entered a guilty plea to the charge of aggravated battery and was sentenced to the Department of Corrections for a period of ten (10) years.
The crime for which the defendant was found guilty, L.R.S. 14:25, provides in part:
“An accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.”
The thrust of defendant’s first assignment of error is that the facts do not support a finding that the defendant harbored, concealed or aided Coats after the commission of a felony. It is argued that the actions of Wiggins in following the victim and preparing to rob him are not actions after the fact and his activity during the assault on Ulmer, that of finding a flashlight and searching for the wallet, was not in aid of the felon, Coats. Furthermore, it is argued that Ulmer’s testimony provided no direct evidence that the defendant drove Coats away from the scene of the attack.
Defendant’s arguments are without merit. Assuming arguendo that the single act of driving the felon away is an irreplaceable element which must be proven to support the finding of guilty by the jury, the record supports that conclusion by the jury.
Where the required element in a criminal prosecution is based upon circumstantial evidence, every reasonable hypothesis must be excluded beyond a reasonable doubt. L.R.S. 15:438. The standard of review adopted in Louisiana is that mandated by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The test is whether any rational fact finder, viewing the evidence most favorable to the prosecution, could have found the essential elements of the offense proved beyond a reasonable doubt. State v. Claibon, 395 So.2d 770 (La.1981).
After reviewing the evidence according to the Jackson standard, the court finds that the jury had adequate grounds to conclude that: a) Coats had committed a completed felony at the point that he knocked the victim to the ground and began stabbing him with the knife; b) Wiggins knew of the commission of the felony by Coats and, c) Wiggins gave aid to Coats with the specific intent that the felon avoid arrest, trial, conviction, and punishment.
There is no doubt that the defendant knew of Coats’ intention to commit a robbery of the victim as soon as Ulmer was stopped as it appears that it was a joint venture. There is no doubt that Coats had already committed the crimes of aggravated battery and attempted armed robbery as the assailants and victim lay in the ditch and the assailants hid from passing motorists. The only thing that needs to be established through circumstantial evidence is the act of the defendant in driving Coats away from the scene so that the felon, Coats, would avoid the consequences of his criminal acts.
In addition to the jury’s reasonable conclusion that Wiggins and Coats conspired together to commit a robbery, they also knew that Wiggins left the scene thinking that Ulmer was dead or dying. While the failure to report a crime has been said not to constitute the element of aid to a felon, it may well add, as it does here, to the circumstantial evidence upon which a jury may find that the defendant did render culpable aid. In this case, the jury had adequate additional evidence to make that determination.
In the second assignment of error, the defendant contends that the sentence given was excessive. The penalty provision of the crime for which the defendant was convicted, L.R.S. 14:25, provides in part:
“Whoever becomes an accessory after the fact shall be fined not more than five hundred ($500.00) dollars, or imprisoned, with or without hard labor, for not more *1280 than five years, or both; provided that in no case shall his punishment be greater than one-half of the maximum provided by law for a principle offender.”
Defendant was sentenced to serve a term of three years with the Louisiana Department of Corrections which sentence is within the statutory limits. The trial judge was provided with a pre-sentence investigation on Wiggins and conducted a sentencing hearing. The trial judge fully articulated the reasons for the sentence pointing out that, although the defendant did not have any prior felonies, he did possess an extensive criminal history; that the whole episode contained elements of shocking cruelty; that under the considerations of La.C.Cr.P. Art. 894.1(A), a sentence of imprisonment was appropriate. All circumstances mitigating in favor of the defendant were considered by the trial judge in accordance with the guidelines of La.C.Cr.P. Article 894.1(B).
Defendant argues particularly that the trial judge was in error in taking into consideration, under 894.1(B)(3), the actions of Wiggins on the night of July 1, 1983 before the crime of accessory after the fact had been committed. There is no merit to such a proposition. The trial court was correct in considering the participation of the defendant, Wiggins, from the moment of the inception of the scheme to rob the victim, through its perpetration, and on through the defendant’s callousness in abandoning the victim as he did.
The conviction and the sentence are affirmed.
AFFIRMED.