533 So.2d 110 (1988)
STATE of Louisiana
v.
Larry J. BAUM.
No. 88-KA-0168.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BYRNES, WILLIAMS and PLOTKIN, JJ.
BYRNES, Judge.
On July 14, 1987, defendant Larry J. Baum was charged with purse snatching in violation of R.S. 14:65.1.
A jury found Baum guilty as charged and he was sentenced to four years imprisonment at hard labor. Baum makes one assignment of error on appeal alleging that the evidence at trial was insufficient to support a conviction. We find no merit in the assignment and affirm his conviction and sentence.

FACTS
On May 23, 1987 at approximately 7:30 a.m., Mark Patterson snatched a fifty-five year old woman's purse as she was waiting for the streetcar on St. Charles Avenue. Patterson ran several blocks and entered a car parked at the corner of Prytania and Harmony Streets with its engine still running. The defendant/appellant, Larry Baum, was behind the steering wheel of the parked car. The defendant began to drive off; however the car was stopped by a policeman who had observed the purse snatching and saw Patterson get into the car. The officer identified the victim's purse and noted that the automobile license plate had been removed and was concealed under a towel in the back seat.
The defendant contends that he and Patterson, both of whom had been out drinking the previous night, met two women in a bar in the French Quarter. These women allegedly invited Patterson and the defendant *111 to come by their house, located in the Prytania/Harmony Street area. The girls did not give them an address, but rather told them to look for a blue Volkswagen parked outside. As Baum and Patterson were driving in the neighborhood, Patterson told the defendant that he thought he located the blue Volkswagen. The testimony at trial revealed that the defendant pulled over and parked his car with the engine still running, while Patterson allegedly went to look for the girls. Defendant testified that Patterson was only gone for a couple of minutes before he returned with the victim's purse. Baum denied attempting to drive off, commenting that the officer approached them while the car was still parked. He further contends that the car he was driving belonged to his sister and that the license plate had been removed by the sister after a fight she had with her boyfriend over ownership of the car. Baum testified that his sister propped the license plate up on a towel in the back rear window, but the towel had been used earlier in the evening by Patterson to wipe up spilled beer and had inadvertently been thrown into the back seat covering the license plate.

ASSIGNMENT OF ERROR
By defendant's sole assignment of error he contends that insufficient evidence was presented at trial to support his conviction of purse snatching.
When assessing the sufficiency of evidence to support a conviction, the appellate Court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
The elements of purse snatching are set forth in R.S. 14:65.1 providing, as follows:
"Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon."
Additionally, in the instant case the jury had to determine if the defendant, Baum, was a principal to the crime. A principal to a crime is defined by R.S. 14:24, as follows:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
It is well settled, that under R.S. 14:24 it is not necessary for a person to be present at the scene of the crime or for one to be involved in the direct commission of the crime to be convicted as a principal. State v. Willis, 322 So.2d 169 (La.1975). See also, Whitmore v. Maggio, 742 F.2d 230 (5th Cir.1984). Further, "persons who aid and abet in the commission of a crime are guilty as principals although they do not directly commit the act constituting the offense." State v. Broussard, 312 So.2d 325, 327 (La.1975); State v. Bernard, 441 So.2d 817 (La.App. 3rd Cir.1983), writ den. 445 So.2d 439.
The record before us clearly supports the finding that the defendant/appellant herein was a principal to the purse *112 snatching along with Patterson so as to warrant his conviction for this offense. The record before us shows that, appellant, was the driver of the get-away car, he remained in the car with the motor running while Patterson snatched the victim's purse, and he immediately attempted to drive off once Patterson was inside the car. Further, the arresting officer testified that he observed no conversation take place between Patterson and the defendant once Patterson got into the car, suggesting that Baum was aware of the need for a hasty escape. Additionally, the car's license plate was concealed. Moreover, appellant's version of the incident and his explanation of why they were in the area and why the license plate was concealed was not corroborated by any witnesses, such as the girls they were allegedly trying to find, or the appellant's sister, who allegedly owned the get-away car and removed the license plate. Under these circumstances, it was reasonable for the jury to find defendant guilty as a principal to the purse snatching.

ERRORS PATENT
We have also reviewed the record for errors patent, as mandated by La.C.Cr.P. Art. 920(2). We find none.
Accordingly, for the foregoing reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.