540 So.2d 1212 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lindburgh GUILLORY, Defendant-Appellant.
No. CR88-439.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
*1213 Gary J. Ortego, Ville Platte, for defendant-appellant.
Richard Vidrine, Asst. Dist. Atty., Ville Platte, for plaintiff-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
YELVERTON, Judge.
Appellant, Lindburgh Guillory, was convicted by a jury of conspiracy to commit armed robbery, a violation of La.R.S. 14:64 and 14:26, and sentenced to serve fifteen years at hard labor without benefit of probation, parole or suspension of sentence. At the sentencing hearing, pursuant to a plea agreement, appellant entered a guilty plea to being an accessory after the fact of attempted first degree murder, a violation of La.R.S. 14:30, 14:27 and 14:25, a charge arising out of the same transaction. For this offense appellant was sentenced to a five year term to run concurrently with the *1214 earlier imposed sentence. Appellant now seeks review of his conspiracy conviction and sentence based on five assignments of error.
FACTS:
On September 9, 1986, Sidney Fontenot and James Thomas decided to rob a convenience store in Mamou. In the planning stage, Fontenot left Thomas at his house and rode past the store on his bicycle. Fontenot encountered an automobile occupied by Greg Joseph, Ronnell Jack, Solomon Guillory and appellant, Lindburgh Guillory. Fontenot told the group of his intent to rob the convenience store and was advised by Solomon Guillory that his group had a similar plan which failed because the group had arrived too late. When Fontenot reacted skeptically concerning the group's claim, appellant produced a firearm as evidence of their resolve. On the night before this, appellant's group had discussed in general committing a robbery and eventually determined to rob the manager of a local convenience store. To this end, appellant and two others drove to Oakdale and procured a .357 Magnum from appellant's brother-in-law. This was the gun that appellant flashed as proof of their plans.
Convinced, Fontenot invited the group to his home to combine forces and develop specifics of the robbery. The gang of six met at Fontenot's. A discussion between Jack and Thomas was held in the presence of the other four at which it was determined those two would actually commit the robbery. When Jack later backed out, Joseph accepted the role as the second participant in the robbery.
On the night of the robbery, all six met at the home of appellant's sister. Solomon Guillory and Fontenot transported Thomas and Joseph to an area behind the targeted convenience store. Guillory and Fontenot then parked across the street to signal the gunmen by blinking the automobile lights. When the victim left the store for his car, Thomas, armed with the gun, and Joseph approached him as he was entering his automobile. In the ensuing confrontation the firearm discharged and the victim was struck in the side of the face. The gunmen took three money bags, ran from the scene and met their cohorts' vehicle at a nearby football field. The four occupants of the vehicle returned to the house where Jack and appellant were waiting. Appellant asked the returning group whether the robbery had been accomplished. Fontenot began counting the money. Appellant took the gun and concealed it under a dog house. Appellant, along with Thomas, took a paper bag containing the money bags and stockings used during the robbery and abandoned them in a local bayou. At that time, appellant also received an undetermined amount of the stolen money.
ASSIGNMENT OF ERROR NO. 1:
By this assignment of error, appellant alleges the trial court erred in denying a defense motion for continuance based on the unavailability of an essential witness. More particularly, appellant contends the trial court should have granted a continuance where a subpoenaed codefendant informed the court of a willingness to testify despite Fifth Amendment protections. It is asserted that the trial judge erred in failing to grant the continuance so this witness could confer with his recently retained attorney concerning the advisability of testifying.
The granting or denial of a continuance is a matter within the sound discretion of the trial judge and will not be disturbed absent a showing of an abuse of discretion and a showing of prejudice. State v. Gaskin, 412 So.2d 1007 (La.1982). The fact that a witness asserts his privilege against self-incrimination and refuses to testify does not provide a basis for a continuance or recess unless it can be demonstrated with certainty that the privilege will not be available to the witness in the immediate future. State v. Jones, 412 So. 2d 1051 (La.1982).
Prior to trial, defense counsel filed for a continuance based on the unavailability of Solomon Guillory. Counsel argued that the witness had recently retained new defense counsel to represent him on criminal charges arising from the same matter.
*1215 The witness had apparently indicated to defense counsel a willingness to testify if his newly retained counsel did not object. Appellant's attorney sought a continuance to allow the witness' attorney to review the case for a sufficient length of time to be able to advise the witness. The witness' attorney had advised the witness not to testify at the trial unless he was present. During trial, defense counsel called the witness to testify. The witness took the stand and, acting on the advice of counsel, refused to testify.
The refusal by the witness to testify based on the advice of his attorney did not provide a basis for a recess or continuance because appellant failed to demonstrate that Solomon Guillory would no longer possess the privilege against self-incrimination in the immediate future. Furthermore, appellant did not recite in his motion or establish at the hearing the materiality of the witness' testimony by announcing the facts as to which the unavailable witness was expected to testify. La.C.Cr.P. art. 709(1). Instead, appellant relied on conclusory allegations that Solomon Guillory would be a "key witness".
Additionally, appellant has not shown prejudice in the denial of a continuance. Appellant alleges the witness' new counsel had insufficient time to review the case and determine whether to advise the witness concerning the wisdom of testifying. The record shows new counsel for Solomon Guillory was enrolled on October 5, 1987, some twenty-two days prior to the motion. The state rested its case November 3, 1987, on the sixth day of trial. The witness had spoken with his counsel and determined not to testify. The continuance sought would not have resulted in the witness' becoming available for testimony.
Appellant's contention that the denial of the continuance resulted in a limited opportunity to prepare and present an adequate defense is likewise meritless. The fact that the trial court rejected the motion for continuance and Solomon Guillory exercised his privilege in no manner adversely affected the ability of defense counsel to competently prepare defenses and alternative defenses in the instant case.
For these reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2:
Appellant argues the prosecution failed to prove all essential elements of the crime of conspiracy to commit armed robbery.
The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), rehearing den. 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State v. Richards, 426 So.2d 1314 (La.1982).
The elements of the crime of conspiracy are (1) an agreement or combination of two or more persons for the specific purpose of committing a crime, plus (2) an act done in furtherance of the object of the agreement or combination. La.R.S. 14:26. An overt act need not be unlawful; it may be any act, innocent or illegal, accompanying or following the agreement, which is done in furtherance of its object. State v. Richards, supra; State v. Walker, 476 So. 2d 1158 (La.App. 3 Cir.1985). An essential element of the crime of conspiracy is specific intent. Louisiana State Bar Association v. Pitard, 462 So.2d 178 (La.1985). Specific intent is defined as the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1). Even though intent is a question of fact, it may be inferred from the circumstances of the transaction and the actions of the defendant. La.R.S. 15:445; State v. Boyer, 406 So.2d 143 (La.1981); State v. Beck, 445 So.2d 470 (La.App. 2 Cir.1984), writ denied, 446 So.2d 315 (La.1984). The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. Graham, 420 So.2d 1126 (La.1982).
*1216 The evidence presented at trial concerning appellant's role in the group's activities consisted of a statement given by appellant to investigators and the testimony of others involved in the armed robbery. The testimony was replete with inconsistencies and self-serving statements. However, in his statement, appellant admits procuring the gun used during the armed robbery and disposing of the money bags. Other testimony established that appellant drove to Oakdale for the gun after conversations concerning the possibility of committing a robbery. Although there is conflicting testimony as to whether appellant actively participated in the planning of intimate details of the robbery, it is clear appellant was present during the planning. After the robbery was committed appellant participated in hiding the firearm and disposing of the empty money bags. Finally, appellant shared in the money from the robbery.
The elements of conspiracy may be proved by direct or circumstantial evidence. State v. Stewart, 452 So.2d 186 (La.App. 4 Cir.1984), writ denied, 456 So.2d 1014 (La. 1984). Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found appellant entered into an agreement with the group to commit the armed robbery. Appellant committed an act in furtherance of the conspiracy by driving to Oakdale and procuring the firearm used in the robbery after members of the group determined to commit a robbery. The actions of appellant before as well as after completion of the armed robbery were sufficient to enable the trier of fact to infer specific intent. The factual determinations by the jury are supported by the evidence and should not be disturbed by an appeals court. State v. Graham, supra; State v. Richardson, 425 So.2d 1228 (La.1983).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NOS. 3 & 4:
By these assignments of error, appellant contends the trial judge committed prejudicial error by allowing the state to present detailed evidence of the armed robbery and the shooting of the victim despite defense counsel's expressed willingness to stipulate that the robbery did occur. Specifically, appellant alleges the shooting of the robbery victim was not essential to proving appellant's participation in the conspiracy and served only to inflame the jurors. By allowing the testimony of the victim, appellant asserts the possibility exists he was convicted on evidence of the shooting.
To be admissible in a criminal trial, evidence must be relevant. Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negate the commission of the offense and the intent. La.R.S. 15:441. Even if evidence is relevant it should be excluded if its probative value is outweighed by the risk that its admission will unnecessarily confuse the jury concerning the issues to be determined or tend to excite the emotions of the jury to the undue prejudice of the defendant. State v. Whittaker, 463 So.2d 1270 (La.1985); State v. Ludwig, 423 So.2d 1073 (La.1983). Furthermore, what constitutes the res gestae of an offense is always admissible as evidence. La.R.S. 14:447. The res gestae includes acts which are an inseparable part of the whole deed and which are so closely intertwined with the charged offense that the state could not accurately present its case without reference to it. State v. Haarala, 398 So.2d 1093 (La.1981); State v. Argo, 476 So.2d 409 (La.App. 2 Cir.1985), writ denied, 481 So.2d 1347 (La.1986).
In the instant case, defense counsel offered to stipulate that an armed robbery had occurred. Defense counsel argued this stipulation would satisfy one aspect of the state's burden of proof; namely, that an act in furtherance of the conspiracy was performed. The stipulation, it was hoped, would shield appellant from undue prejudice resulting from reference to the shooting of the victim. The state rejected the stipulation indicating a desire to fully prove all elements of the offense by introducing evidence of the robbery and appellant's participation in actions immediately after the robbery.
*1217 In State v. Hall, 457 So.2d 115 (La.App. 2 Cir.1984), the court faced the issue of the breadth of the res gestae. Defendant and a codefendant formed a plan to "case" a bank for a possible robbery a week later. On the way to the bank, the parties stopped at a convenience store to purchase cigarettes. Upon driving from the store, the parties determined the store was a suitable target for a robbery. The parties returned to the store and committed an armed robbery. On appeal, defendant argued reference to conspiracy to rob the bank was impermissibly introduced at trial. The court of appeal ruled the criminal conspiracy formed part of the res gestae of the charged offense and was admissible as evidence at trial.
Similarly, in the instant case, although the charged crime was a criminal conspiracy to commit an armed robbery, evidence of the commission of the robbery and immediate attempts by the perpetrators to conceal their involvement formed one continuous event and as such constituted part of the res gestae. These activities were so interrelated to the criminal conspiracy that the prosecution could not accurately and completely present its case without reference to them. The evidence was relevant to showing acts committed in furtherance of the conspiracy and to establish appellant's level of involvement, his knowledge and his intent. The state was entitled to place before the jury the full factual background of the instant offense. The evidence complained of had substantial probative value and did not unfairly prejudice appellant by appealing to the passions of the jury. For these reasons, this assignment of error is without merit.
(Assignment of error No. 4 as formally filed in the record has been considered and discussed above with assignment No. 3, both assignments being closely related. In appellate brief, defense counsel seeks to designate another issue as assignment No. 4. Issues raised in appellate brief which are not included in formal assignments of error are not reviewable by a court on appeal. La.C.Cr.P. art. 920; State v. Darson, 470 So.2d 413 (La.App. 3 Cir.1985), writ denied, 475 So.2d 1102 (La.1985).)
ASSIGNMENT OF ERROR NO. 5:
Appellant contends the sentence imposed by the trial court is excessive. Appellant argues the trial judge failed to adequately state for the record reasons for sentencing. It is asserted the fifteen year prison term is grossly out of proportion to the severity of the offense of conspiracy to commit an armed robbery because appellant has no prior criminal record, has a stable work history and represents a positive candidate for effective rehabilitation.
Cases interpreting the law and the standards for appellate sentence review in this state are numerous (e.g., State v. Ratcliff, 416 So.2d 528 (La.1982)), and the rules are clear.
At the sentencing hearing, the trial court relied upon a presentence investigation which was filed into the record. The court noted the severity of the offense which was planned and executed. The completed offense caused serious harm and could have resulted in a fatality when the gun discharged. The trial judge emphasized that appellant's role in the conspiracy of procuring the gun was a significant cause of the victim's injury and directly facilitated the commission of the armed robbery. The judge mentioned appellant's prior conviction for possession of cocaine and concluded appellant was in need of correctional treatment. The court reasoned that any more lenient sentence would deprecate the seriousness of the offense and felt appellant represented a real risk of recidivism.
Appellant's conviction subjected him to a potential sentence of 49½ years at hard labor without benefit of parole, probation or suspended sentence. The fifteen year sentence imposed lies in the lower range of sentencing alternatives. Although the reasons for sentence were not fully articulated, it appears the trial judge did consider aggravating and mitigating factors. Even if the articulation of sentencing reasons falls short of compliance with art. 894.1, the sentence of fifteen years is not apparently severe and is supported by the record. Again, appellant played an essential *1218 role in the conspiracy by supplying the firearm used to shoot the victim. Although appellant was not present during the shooting he actively aided the attempted concealment of the conspiracy after learning of the shooting and willingly shared in the profits of the illegal deed. Finally, the record contradicts the defense assertion that appellant has no "previous juvenile and/or adult record". Appellant has a prior narcotics conviction for activities approximately one month prior to the instant offense.
For these reasons, this assignment of error is without merit.
SUPPLEMENTAL ASSIGNMENTS:
In a supplemental pro se brief, appellant seeks to raise two additional alleged errors. Although the issues were not designated in formal assignments of error, they are arguably errors patent and will be addressed in the interest of complete review. La.C.Cr.P. art. 920.
Appellant first alleges his guilty plea to accessory after the fact of attempted first degree murder was not knowing or voluntary because the trial judge failed to inform him of the right to a full voir dire in choosing a jury. The failure of the trial judge to specify details of the right to a jury trial (i.e., size of jury, full voir dire) does not preclude a knowing and intelligent waiver of rights. State v. Davis, 440 So.2d 818 (La.App. 1st Cir.1983).
In the instant case, relator was clearly advised of the availability of a jury trial and his guilty plea waived this right. Greater proof of knowing and intelligent waiver has been neither constitutionally nor jurisprudentially required. State v. Johnson, 389 So.2d 1302, 1305 (La.1980). Therefore, this asserted error has no merit.
Appellant also argues his conviction for conspiracy to commit armed robbery precludes prosecution as an accessory after the fact to attempted first degree murder where the complete armed robbery forms the predicate felony of the attempted first degree murder. Appellant relies upon case law standing for the proposition that it constitutes double jeopardy for the state to prosecute a defendant for attempted or completed felony murder and at the same time prosecute him for the enumerated felony. See State v. Stewart, 400 So.2d 633 (La.1981); State v. Bradford, 514 So.2d 534 (La.App. 3 Cir.1987), writ den. 523 So.2d 226 (La.1988); State v. Cotten, 438 So.2d 1156 (La.App. 1st Cir.1983), writ denied, 444 So.2d 606 (La.1984).
Where a single transaction constitutes violation of two distinct statutory provisions defendant is not subjected to double jeopardy if each provision requires proof of an additional fact which the other does not. State v. Littleton, 436 So.2d 500 (La.1983).
Appellant's convictions in the instant case are based on separate and distinct actions which were proscribed by two statutes. The criminal conspiracy conviction required evidence of an agreement and an overt act, either legal or illegal, in furtherance of the agreement. The offense of conspiracy is separate and distinct from the completed offense of armed robbery and does not block prosecution for the armed robbery. La.R.S. 14:26; U.S. v. Nichols, 741 F.2d 767 (5th Cir.1984), cert. denied, 469 U.S. 1214, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985). Appellant's assertion that the conspiracy count represented the enumerated felony for the accessory to first degree murder count is not correct.
Appellant's conviction as an accessory after the fact to attempted first degree murder is not based on the agreement constituting the conspiracy. The accessory charge required proof of a felony committed, knowledge of the felony by defendant and an overt act by the defendant committed with an intent that the perpetrator avoid arrest. State v. Wiggins, 487 So.2d 1277 (La.App. 3 Cir.1986). Each crime required proof of additional facts which the other did not. Neither prosecution was barred by double jeopardy.
This claimed error has no merit.
CONVICTION AND SENTENCE AFFIRMED.