749 So.2d 11 (1999)
STATE of Louisiana, Appellee,
v.
David Lee VALRIE, Defendant-Appellant.
No. CR99-226.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
*12 Earl Taylor, District Atty., Barry Fontenot, Anthony K. Bertrand, Asst. Dist. Atty., for State of Louisiana.
Daniel James Stanford, Eunice, for David Lee Valrie.
Before COOKS, SAUNDERS and DECUIR, Judges.
DECUIR, Judge.
The Defendant, David Lee Valrie, was charged with two counts of armed robbery, *13 in violation of La.R.S. 14:64, and one count of conspiracy to commit armed robbery, in violation of La.R.S. 14:64 and La.R.S. 14:26.
After a jury trial, the Defendant was found guilty as charged on all counts. He then filed motions for post-verdict judgment of acquittal and new trial which were denied. The Defendant was sentenced to concurrent terms of thirty years at hard labor for each count of armed robbery without benefit of probation, parole or suspension of sentence. On the conspiracy count, the Defendant was sentenced to ten years at hard labor, without the benefit of probation, parole or suspension of sentence, with the sentence to run consecutively with the sentences for armed robbery. The Defendant timely filed a motion to reconsider sentence which was denied without contradictory hearing.
The Defendant appeals, assigning two errors: 1) The evidence offered by the State, when viewed in a light most favorable to the prosecution, is insufficient to prove beyond a reasonable doubt that the Defendant is guilty as a principal to armed robbery and conspiracy to commit armed robbery; and 2) the sentence imposed by the court is excessive.

FACTS:
The record reveals the following facts. On August 15, 1997, Timothy Counts entered American Security Bank, located in Lawtell, Louisiana, armed with a gun and wearing a mask. Two bank employees were at the teller counter when Counts came in; no one else was in the bank at the time. Counts ordered one employee, Bonnie Pavy, to get down on the floor and told the other employee, Catherine Thibodeaux, to open her money drawer. Counts then took $20,690.50 from Thibodeaux's money drawer and left. Counts fled the scene in a vehicle driven by the Defendant. As they exited the parking lot and stopped at a stop sign, three witnesses saw the back door of the car open and a cloud of red smoke poured out. A high speed chase ensued, with the Defendant and a state trooper reaching speeds in excess of 100 miles per hour. After twenty minutes and more than 30 miles, the chase ended when the Defendant flipped his vehicle.
The Defendant and Counts got out of the car and were taken to a nearby hospital. From the vehicle, a detective recovered a black leather bag containing money covered with red dye, a gun, and the clip or magazine which was attached to the gun. Fingerprint evidence was obtained, and the left thumb print of the Defendant was found on the clip.

ASSIGNMENT OF ERROR NO. 1:
The Defendant contends that the evidence offered by the State is insufficient to prove beyond a reasonable doubt that he is guilty as a principal to armed robbery and conspiracy to commit armed robbery. The Defendant contends that he did not agree or conspire with the co-defendant, Timothy Counts, for the specific purpose of committing armed robbery, he did not have the requisite intent to commit the armed robbery, and he did not knowingly participate in the planning and execution of the robbery. Additionally, the Defendant alleges on appeal, though not at trial, that one reasonable hypothesis of innocence is that Counts forced him to drive the vehicle.

PRINCIPAL TO ARMED ROBBERY
The Defendant was charged with two counts of armed robbery: the armed robbery of each of the two bank employees present at the time of the crime. The State and the Defendant acknowledged that Counts was the only man who entered the bank. The Defendant, who drove the getaway car and whose fingerprint was found on the gun used by Counts, was charged as a principal, and his guilt must be established by his actions as a principal.
A principal is any person concerned in the commission of a crime, whether present or absent, and whether he directly commits the offense, aids and abets in its commission, or directly or indirectly counsels *14 or procures another to commit the crime. La.R.S. 14:24.
In the case sub judice, the State's burden was to prove that the Defendant was concerned with the commission of a theft, of anything of value, from the possession or immediate control of another, by use of force or intimidation and while armed with a dangerous weapon. See La. R.S. 14:64; La.R.S. 14:24; State v. Sampson, 472 So.2d 337 (La.App. 3 Cir.1985). The defendant need not have actually performed the taking to be found guilty but must have had the requisite mental state to do so. State v. Doucet, 93-1523 (La. App. 3 Cir. 5/4/94); 638 So.2d 246; State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). Several courts have found a defendant who drives the getaway car is a principal. State v. Tate, 95-1152 (La.App. 3 Cir. 3/6/96); 670 So.2d 671; State v. Baum, 533 So.2d 110 (La.App. 4 Cir.1988).
After reviewing the record, we conclude that a rational trier of fact could have found the Defendant possessed the requisite intent to assist Counts in the commission of the armed robbery of Ms. Thibodeaux. Defendant played an integral role by operating the getaway car. During the robbery, the Defendant waited for Counts while parked behind the bank. Following the robbery, Counts, wearing a mask or hood and carrying a black bag, entered the back seat of the vehicle, and the Defendant immediately drove him away from the scene. The Defendant then stopped the vehicle momentarily to allow Counts to open the back door and release the red smoke from the exploded red dye packet. The Defendant attempted to elude a state trooper by traveling at high rates of speed until he lost control of the vehicle causing it to flip several times. When the vehicle came to a stop, the Defendant exited the driver's side. The black bag containing the money stolen from the bank and the gun used in the robbery were found in the wrecked vehicle. The Defendant's left thumb print was found on the clip or magazine which was attached to the gun.
Additionally, the evidence presented by the State excludes the hypothesis of innocence suggested on appeal by the Defendant that Counts forced him to drive the getaway vehicle. The State presented evidence of the Defendant waiting in the vehicle for Counts during the robbery, and the gun used by Counts during the robbery was recovered from the vehicle inside the black bag after the vehicle came to a stop.
Viewing the evidence in the light most favorable to the prosecution, we conclude the evidence presented by the State is sufficient to establish that the Defendant was a person concerned in the commission of the armed robbery of Ms. Thibodeaux. The Defendant's conviction on one count of armed robbery is affirmed. However, we find insufficient evidence to prove that the Defendant was a principal in an armed robbery of Ms. Pavy. No evidence was presented to prove that Counts took something of value from Ms. Pavy's person or from her immediate control. The State failed to prove that an armed robbery of Ms. Pavy was committed. Therefore, as one of the key elements of the crime of armed robbery of one victim was not proven, the Defendant's conviction as a principal to one of the two counts of armed robbery must be reversed.

CONSPIRACY TO COMMIT ARMED ROBBERY
The elements of the crime of conspiracy are (1) an agreement or combination of two or more persons for the specific purpose of committing a crime, and (2) an act done in furtherance of the object of the agreement or combination. La.R.S. 14:26. An essential element of the crime of conspiracy is specific intent. State v. Guillory, 540 So.2d 1212, 1215 (La.App. 3 Cir. 1989). Specific intent is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences *15 to follow his act or failure to act. La.R.S. 14:10(1). Even though intent is a question of fact, it may be inferred from the circumstances of the transaction and the actions of the defendant. La.R.S. 15:445; Guillory, 540 So.2d at 1215. The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. Guillory, 540 So.2d at 1215; State v. Graham, 420 So.2d 1126 (La.1982).
After reviewing the record, we conclude that a rational trier of fact could have inferred that the Defendant entered into an agreement with Counts to commit an armed robbery. The Defendant waited in a getaway car and then drove that vehicle so as to avoid capture. The Defendant's fingerprint was found on the magazine of the gun used in the robbery, which gun was then recovered from the wrecked vehicle driven by the Defendant. The actions of the Defendant during and after the armed robbery were sufficient to enable the trier of fact to infer the specific intent necessary to prove a conspiracy.

ASSIGNMENT OF ERROR NO. 2:
The Defendant next contends that the sentences are excessive. He was sentenced to thirty years on each count of armed robbery and ten years on the conspiracy count. The maximum sentence for armed robbery is ninety-nine years, and the maximum sentence for conspiracy to commit armed robbery is forty-nine and one-half years. See La.R.S. 14:64(B) and La.R.S. 14:26(C).
In State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), the supreme court emphasized that the only relevant question on review of a sentence is whether the trial court abused its broad sentencing discretion, and not whether another sentence might be more appropriate. Id. at 959. Furthermore, a trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
To find a sentence excessive, a reviewing court must conclude that the penalty imposed is so grossly disproportionate to the severity of the crime as to shock the court's sense of justice, or that the sentence makes no measurable contribution to acceptable penal goals and is therefore nothing more than the needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
At sentencing, the trial judge herein considered the aggravating and mitigating circumstances articulated in La.Code Crim.P. art. 894.1 and reviewed the presentence investigation report. He noted the Defendant had previously been convicted of a felony and several misdemeanors. He also noted a firearm was used in the commission of the crime and the Defendant, in an attempt to escape, traveled at high rates of speed which created further danger to the public. The trial judge pointed out that the money stolen from the bank was recovered.
Considering the foregoing, we conclude the trial judge did not abuse his discretion in imposing a thirty-year sentence for the armed robbery of Ms. Thibodeaux nor in imposing a ten-year sentence for conspiracy to commit armed robbery. Our reversal of the conviction for one count of armed robbery necessitates the reversal of one thirty-year sentence.

CONCLUSION:
The Defendant's conviction and sentence for the armed robbery of Ms. Thibodeaux and conspiracy to commit armed robbery are affirmed. The conviction and sentence for the armed robbery of Ms. Pavy are reversed. The district court is directed to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and is further directed to file written proof that the Defendant received the notice in the record of the proceedings.
*16 AFFIRMED IN PART; REVERSED IN PART; REMANDED IN PART WITH INSTRUCTIONS.