464 So.2d 1058 (1985)
STATE of Louisiana
v.
James WILLIAMS.
No. 84-KA-1098.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Writ Denied May 13, 1985.
*1059 Ossie Brown, Dist. Atty. by Richard Chaffin, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Price, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
While assigned to an undercover operation, Detective Wille J. Turner, III, of the Baton Rouge Police Department, purchased marijuana from defendant on September 29, October 3, and October 6 of 1983.
Defendant was arrested and charged by bill of information with three counts of distribution of marijuana in violation of LSA-R.S. 40:966A. A jury found him guilty on two counts of distribution, and returned the responsive verdict of possession of marijuana (LSA-R.S. 40:966C) on the third count. The trial court sentenced defendant to four years at hard labor on each of the two distribution counts, and to six months in parish prison on the possession count, all sentences to run concurrently. Defendant appeals, urging four assignments of error. Assignments of error numbers one and two were not briefed, however, and are therefore abandoned. See Uniform Rules-Courts of Appeal, Rule 2-12.4.

ASSIGNMENT OF ERROR NO. 3:
Defendant contends that the trial court erred when it provided further explanation on the defense of entrapment after the jury requested further instructions during deliberation.[*]
*1060 It is well established that it is proper for the trial judge to explain his charge verbally in greater detail, upon being requested by the jury, as long as he does not misstate the law. State v. Cloud, 246 La. 658, 166 So.2d 263, 266 (1964). The Louisiana Supreme Court stated the law on entrapment:
"One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of `entrapment'. Such defense is not available, however, where the officer or other person acted in good faith for the purpose discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent. * * * Such entrapment is shown where it appears that officers of the law or their agents incited, induced, instigated, or lured [the] accused into committing an offense which he otherwise would not have committed and had no intention of committing. In other words, if the criminal intent or design to commit the offense charged originates in the mind of the person who seeks to entrap [the] accused and to lure him into commission of the crime merely for the purpose of arresting and prosecuting him no conviction may be made. * * *"
State v. Harrington, 332 So.2d 764, 766 (La.1976) (quoting State v. Turner, 241 La. 94, 127 So.2d 512, 514 (1961)). See also State v. Batiste, 363 So.2d 639, 641 (La. 1978).
"Once government instigation is shown, the inquiry focuses upon the disposition of the defendant[, and] the ultimate question is whether the inducement by the officers or the defendant's own predisposition caused the criminal conduct in question." State v. Batiste, 363 So.2d at 641.
The trial court repeated the original charge and supplemented it. Defendant objects to the following language:
Some inducement, encouragement or solicitation by law enforcement officers is, therefore, permissible. But it is not proper for them to use excessive encitement, urging, persuasion or temptation which is likely to induce the commission of an offense by a person not already disposed to commit an offense at that time.
The above quoted language is consistent with the subjective approach to entrapment adhered to by the Louisiana Supreme Court, and therefore this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4:
Defendant also contends that his sentence is excessive, in violation of La. Const. art. I, § 20. On each of two counts of distribution of marijuana, defendant received four of the maximum allowable ten years at hard labor. See LSA-R.S. 40:966B(2). On the possession count, he received the maximum jail sentence, six months in the parish jail. See LSA-R.S. 40:966D(1). All sentences are to run concurrently.
A review of individual excessiveness must consider in light of LSA-C.Cr.P. art. 894.1 criteria, the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118, 121 (La.1979). The trial judge has wide discretion in imposition of a sentence within statutory limits; absent manifest abuse of discretion, the sentence imposed will not be set aside as excessive. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984) (citing State v. Washington, 414 So.2d 313 (La.1982); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Fleming, 428 So.2d 947 (La.App. 1st Cir. cert. denied, 434 So.2d 410 (La.1983)).
A review of the record reveals that the trial judge particularized the sentence, considering mitigating and aggravating factors as set forth in article 894.1. Based *1061 on the presentence investigatory report, the judge considered that the thirty-four-year-old defendant was divorced with one child and had a work history. While noting that this was defendant's first felony conviction, the trial judge emphasized the fact that defendant had four prior arrests for drug related offenses. Hence the judge believed there was an undue risk that during a period of a suspended sentence or probation defendant would commit another crime. In summation, the record shows that the trial judge's articulation of reasons for sentence are more than adequate to meet the statutory criteria.
The sentence imposed is well within the statutorily defined range. It is not grossly disproportionate to the severity of the crime and it does not appear to be merely a purposeless and needless imposition of pain and suffering. Therefore, this assignment of error is without merit.
For the foregoing reasons the conviction and sentence is affirmed.
AFFIRMED.
NOTES
[*] Defendant does not complain of the court's original charge on entrapment:

The law relative to entrapment. A defendant who is instigated or induced by a law enforcement [officer] into the commission of a crime which he otherwise had no intention of committing is not guilty because he was entrapped. Entrapment is shown where it appears that an officer instigated the defendant to commit an offense which the defendant would not have committed and had no intention of committing. It is not entrapment, however, if the defendant already had the requisite criminal intent and the officer merely furnished the defendant with the opportunity to commit the offense. The fact that an opportunity is furnished or that the defendant is aided in the commission of a crime which originated in his own mind is no defense. There is a clear distinction between inducing a person to commit a crime and setting a trap to catch a person in carrying out criminal designs of his own conception. The primary emphasis is on whether or not the defendant had a predisposition to commit the crime. The reason for this defense is simple. Officers of the law may not encite crime merely to punish the criminal. If with this explanation of the word entrapment you believe that the accused committed the offense with which he is charged but that he was entrapped by the officer to commit it you should acquit him. If, on the other hand, you believe from the evidence beyond a reasonable doubt that there was no entrapment of the accused, as I have explained the meaning of that word to you, and that the officer neither conceived nor planned the act of the accused but that it was conceived and executed by the accused himself and that he is guilty of the offense charged beyond a reasonable doubt, it is your duty to convict him. Before you can find the defendant guilty you must be satisfied beyond a reasonable doubt from the evidence in this case that he was not entrapped.