GUIDRY, Judge.
Defendant-appellant, John Wayne McCullough, was charged by bill of information with one count of distribution of marijuana, a violation of La.R.S. 40:966(A). Trial com *1195 menced before a twelve person jury on February 3, 1986, and the following day, the defendant was found guilty as charged. On May 28, 1986, a motion for arrest of judgment was denied and McCullough was sentenced to serve four years at hard labor. The defendant’s sentence was suspended on special conditions specified by the court.
The defendant appeals his conviction and sentence urging only that the State failed to carry its burden of showing, beyond a reasonable doubt, that appellant had ownership, control, or dominion over the illegal substance, three and one-quarter pounds of marijuana.
FACTS
On January 28, 1985, pursuant to arrangements made through a confidential informant, Trooper Rick LaSalle, who was wearing a transmitter, and the confidential informant (C.I.) planned to purchase three pounds of marijuana for $3,000.00 from a John Lyons in Lafayette. Louisiana State Police Agent Duplantis and Detective Sergeant Reynolds were to monitor the transmitter and conduct the surveillance of the transaction.
The C.I. called Lyons three times on the 28th before all the details of the “buy” could be worked out. On the second call, the parties agreed to meet at a car wash on La. Hwy. 89 near LaNeuville Road in Lafayette Parish. On the final call, Lyons, after conferring with someone off the phone, informed the C.I. that “we will be in a blue and white 4-4-2”. When LaSalle and the C.I. arrived at the designated meeting place, LaSalle approached a blue and white car with two occupants and addressed the defendant who was driving. LaSalle testified that the defendant stated that he had the marijuana but that the transaction had to be completed elsewhere because a friend of his had recently been “popped” (arrested) at that location. La-Salle, the C.I., and the surveillance team followed Lyons and McCullough to a location behind the American Equipment Company building.
At that point, appellant exited his vehicle and told Trooper LaSalle to complete the transaction with Lyons. McCullough then proceeded to the doorway of the American Equipment warehouse where he stopped to observe the transaction. Lyons opened the car door, reached into the back seat and pulled out a bag containing three pounds of marijuana. Whereupon, LaSalle handed Lyons the money and lifted his hat as a signal to Agent Duplantis on the surveillance team that the drug transaction had been completed.
As the other officers converged on the scene, LaSalle advised Lyons that he was under arrest. When McCullough, who had continued to stand at the doorway of the building, observed what was taking place, he fled inside but was found hiding behind some oil field equipment. In his flight McCullough had discarded his wallet which, upon recovery, was found to contain $600.00 and paperwork with names and figures of weights and money consistent with the sale of marijuana. In the car were found a note pad, an address book, more paperwork with notations of money and weight values, and a package containing an additional quarter pound of marijuana.
At trial, John Lyons testified that McCullough had no involvement or control in the drug transaction and that on the day of the transaction, he needed a ride and had called McCullough. He stated that McCullough did not know until after they left Lyons’ trailer that they were driving to a drug transaction and that he became nervous when he discovered their destination. The credibility of this testimony, however, is seriously weakened by the tape recording of the third phone call which establishes that Lyons told the C.I. that the “man” only had three pounds available and then conferred off the phone with a third party who supplied the color and model of car he would be in at the rendezvous. This is particularly significant since it was established at trial that McCullough normally drove a red 1968 Ford, not a 1972 blue and white 4-4-2 Oldsmobile. Lyons further testified that the paperwork found in defendant’s car with the notations of names, weights and prices was not his.
Recently, in State v. Garcia, 483 So.2d 953 (La.1986), the Supreme Court explained:
*1196 “The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that ‘assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.’ This is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984).”
Defendant was convicted of violating section A of R.S. 40:966, which states in pertinent part:
“Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;”
In interpreting like language concerning Schedule II drugs (see R.S. 40:967 A), a panel of this court, in State v. Bernard, 441 So.2d 817 (La.App. 3rd Cir.1983), stated:
“In spite of the words that ‘it shall be unlawful for any person knowingly or intentionally ... ’ to do the prohibited acts, the statute requires no more than general criminal intent. LSA-R.S. 14:11; State v. Banks, 307 So.2d 594 (La.1975). A distribution offense is a crime requiring only general criminal intent. Such intent is established by mere proof of voluntary distribution. State v. Williams; 352 So.2d 1295 (La.1977); State v. Clark, 338 So.2d 690 (La.1976).”
In State v. Gentry, 462 So.2d 624 (La.1985), the Louisiana Supreme Court noted that “... distribution is not limited to an actual physical transfer between culpable parties. State v. Lewis, 328 So.2d 75 (La.1976). Rather, distribution may be accomplished by the imposition of a third party”.
Appellant does not deny that he was the driver of the car involved in the drug transaction or that he remained in close proximity to the “deal”. Rather, McCullough denies ownership, control, or dominion over the contraband.
Our brothers of the Second Circuit, in State v. Moore, 490 So.2d 588 (La.App. 2d Cir.1986), observed:
“... The mere presence in the area where narcotics are discovered, or the mere association with the person who does control the drug, is insufficient to support a finding of possession. The fact-finder, however, may draw reasonable inferences based upon the evidence presented at trial and may consider the following factors: the defendant’s relationship with the person found to be in actual possession; the defendant’s access to the area where the drug was found; the evidence of recent drug use by the defendant; the defendant’s physical proximity to the drugs; and any evidence that the particular area was frequented by drug users. State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ den., 450 So.2d 644 (La.1984).”
In the instant case, it is undisputed that defendant not only drove the involved vehicle, but that he insisted the location of the deal be changed because a friend of his had recently been arrested while “dealing” at the car wash location. It was McCullough who picked the second location and it was he who instructed Trooper LaSalle to “do the deal” with Lyons. The defendant then, although he claimed to have no interest in the sale, positioned himself where he could observe the transaction.
These factors along with the evidence recovered from the scene (both that dis *1197 carded by appellant and that found in the car he was operating) convinces us that any rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found the defendant guilty beyond a reasonable doubt.
La.R.S. 14:24 provides as follows:
“All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.”
It is well settled that, under the preceding article, all persons who aid or abet in the commission of a crime are guilty as principals even though they do not directly commit the act constituting the offense. State v. Lejeune, 487 So.2d 1243 (La.App. 3rd Cir.1986); State v. Holmes, 451 So.2d 1175 (La.App. 1st Cir.1984); State v. Bernard, 441 So.2d 817 (La.App. 3rd Cir.1983), writ denied, 445 So.2d 439 (La.1984); State v. Peterson, 290 So.2d 307 (La.1974). Hence, any assistance whatsoever rendered by McCullough to Lyons makes the defendant a principal to the offense.
Although Lyons testified that McCullough was not involved and was only giving him a ride, the jury, when considering this testimony in light of the evidence and factors discussed above, apparently did not find Lyons’ testimony credible. Such a determination by a trier of fact cannot be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981). Viewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact would have concluded that every reasonable hypothesis of innocence had been excluded beyond a reasonable doubt.
Accordingly, for the reasons stated, the conviction and sentence of the defendant are affirmed.
AFFIRMED.