ALFORD, Judge.
Ronald Eugene Freeman was charged by bill of information with attempted simple burglary, in violation of LSA-R.S. 14:27 and 62.[1] Defendant pled not guilty and was tried by a jury, which convicted him as charged. He was sentenced to serve four years at hard labor.
Defendant appeals his conviction and sentence, raising two assignments of error:
1. The verdict is contrary to the law and evidence.
2. The sentence is excessive, cruel and unusual punishment.
FACTS
Around 3:30 a.m. on October 31, 1984, Officer Paul Richard responded to a silent burglar alarm at the Iberia Savings & Loan Association in Franklin, Louisiana. Officer Richard noticed all the lights at the building were out, having been on earlier that evening, and discovered the breaker box panel open with the switches turned off.
Officer Richard then saw, approximately two hundred feet away in the parking lot, a car which had not been there earlier. He found defendant lying flat on his stomach in a puddle of water under the front of the car with the hood down. He also found under the back of the car some tools consisting of bolt cutters, pliers, a chisel and a flashlight. Defendant emerged from beneath the car, wearing a camouflage suit. He said that he was under the car because he was too drunk to drive.
Detective Charles Cossey, a backup officer who arrived at the scene, discovered a smashed flood light at the rear of the building. He also noticed several footprints in the soft mud directly beneath the utility pole on which the breaker box panel was located. More footprints were found in fresh mud by the parking lot between defendant’s vehicle and the back of the bank. Detective Cossey made plastic casts of these footprints and sent them to the Aca-diana Crime Lab in New Iberia, along with the muddy tennis shoes defendant was wearing.
All of the wires in the phone box had also been cut. Detective Cossey testified at trial that cutting these lines sets off the burglar alarm. He further testified that no fingerprints were taken from the scene because it was very foggy that night and all metal surfaces which may have contained latent prints were too damp.
After defendant was arrested and taken to the police station, he told Detective Cos-sey that he had gone to the breaker box and phone box to obtain a wire to fix the starter on his ear. No one checked defendant’s car to see if it would, in fact, start.
*521 At trial, Christopher H. Henderson, a forensic chemist at the Acadiana Criminal-istic’s Laboratory, testified that the plaster cast of the footprint found at the scene has class characteristics compatible with defendant’s shoe. He stated that defendant’s shoe is the same size with the same bottom pattern and same wear characteristics.
Defendant did not testify at trial. After a jury convicted him of attempted simple burglary, he filed a motion for post-verdict judgment of acquittal, which was denied.
SUFFICIENCY OF EVIDENCE
Defendant claims the jury’s verdict was contrary to the law and evidence. He argues that no evidence was presented showing the defendant had the specific intent to enter the building or commit a felony or theft therein. Defendant contends the evidence was insufficient to exclude every reasonable hypothesis of innocence.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984). The standard has been codified in La.C.Cr.P. art. 821.
The Jackson standard of article 821 is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the finder of fact must be satisfied the overall evidence excludes “every reasonable hypothesis of innocence.” LSA-R.S. 15:438 does not establish a stricter standard of review than the Jackson standard but “provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence.” State v. Chism, 436 So.2d 464, 470 (La.1983).
Simple burglary is defined in LSA-R.S. 14:62, in pertinent part, as “the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein_” Specific intent to commit a felony or theft is required for attempted simple burglary. LSA-R.S. 14:27 and 62; State v. Jones, 426 So.2d 1323 (La.1983).
LSA-R.S. 14:10(1) defines specific intent as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. LSA-R.S. 15:445; State v. Graham, 420 So.2d 1126 (La.1982).
In order to attempt to commit a crime, an offender must actively desire to cause the specific results required by a particular criminal statute and do or omit an act for the purpose of and tending directly toward the accomplishing of his object. State v. Moore, 477 So.2d 1231 (La. App. 1st Cir.1985), writs denied, 480 So.2d 739, 741 (La.1986).
After a careful review of the record in this case, and considering the totality of the circumstances, we find that the evidence herein is sufficient to allow any rational trier of fact to conclude that the state proved each essential element of the crime beyond a reasonable doubt, to the exclusion of every reasonable hypothesis of innocence.
The record reveals defendant had no permission to enter the premises. Something triggered the building’s silent burglar alarm around 3:30 a.m., and an officer arrived at the scene within two minutes. The officer discovered the building’s breaker box panel open with the switches turned off. A car was parked two hundred feet away in the center of the parking lot. Defendant was found under the car, wearing a camouflage suit, with several burglary-type tools. The car doors were locked, and the hood was down. Defendant’s shoe was found to be similar to a plaster cast of *522 footprints found near the bank. It was later discovered that the telephone wires leading to the bank had been cut. Defendant gave two inconsistent excuses to the police, first stating that he was too drunk to drive and later admitting he tampered with the breaker box and phone wires to fix the starter on his car.
These facts reasonably support an attempted unauthorized entry of the bank with the intent to commit a theft therein, especially during early morning hours and with burglary-type tools. State v. Rounds, 476 So.2d 965 (La.App. 1st Cir.1985). Accordingly, this assignment of error is without merit.
EXCESSIVE SENTENCE
Defendant also contends his sentence is excessive, cruel and unusual punishment. He claims the crime did not involve the threat of serious harm and the damage suffered by Iberia Savings & Loan was minor and could easily be repaired.
La. Const, art. I, § 20 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La. 1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock one’s sense of justice. State v. Reed, 409 So.2d 266 (La.1982). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
Defendant was found guilty of attempted simple burglary, which carries a penalty of a fine not to exceed $1,000.00 or imprisonment with or without hard labor for not more than six years, or both. LSA-R.S. 14:27(D)(3) and 62. Defendant here received a prison term of four years at hard labor.
The transcript of the sentencing hearing reveals that the trial court considered La.C.Cr.P. art. 894.1(A) which sets forth three factors justifying a sentence imposing imprisonment. The court further took into account the pre-sentence investigation report. It thus appears that the trial court did consider defendant’s personal factors, although it did not specifically enumerate them. The sentencing court need not cite every factor listed in the sentencing statute in order to comply with it. State v. Marchese, 430 So.2d 1303 (La. App. 1st Cir.1983).
In imposing sentence, the trial court noted that defendant is in need of correctional treatment in a custodial environment. It was the opinion of the trial court that there is an undue risk that during any period of suspended sentence or probation defendant would commit another crime.
In consideration of the above, we find no abuse of the great discretion afforded the trial court in the imposition of sentence. This assignment of error is without merit.
We therefore affirm defendant’s conviction and sentence.
AFFIRMED.

. Defendant was originally charged with both possession of burglary tools and attempted simple burglary. However, he was tried and convicted only as to the attempted simple burglary and that charge is the only matter before this court on appeal.