THOMAS F. DALEY, Judge.
li>The defendant has appealed his conviction of possession of a firearm by a convicted felon. For the reasons that follow, we affirm.

FACTS:

At the trial of this matter, Sergeant Darren Monie testified that on May 29, 2005, just before 5:00 a.m., he and Sergeant Wine went to a trailer home at 305 South Bengal Road in River Ridge looking for the defendant. At the time, the officers had information that the defendant resided at that location and the officers needed to speak to him. Upon arrival, the officers saw an automobile parked near the trailer and determined that the vehicle was registered to the defendant at the South Bengal Road address. Additionally, the officers determined that the South Bengal Road address was listed on the defendant’s driver’s license. After the officers knocked at the door, the defendant consented to a search of the trailer and signed a consent form.
*656 laWhen the officers stepped into the trailer, they were in the living room, which led to a small hallway, which connected to the bedroom. During the search of the trailer, the officers found a shotgun on top of the dresser in the bedroom.[1] Both Sergeants Monie and Wine testified that the gun was visible from the living room upon entering the trailer. Sergeant Wine retrieved the gun, which was loaded. The defendant was arrested after verifying that it was illegal for the defendant to be in possession of a firearm.
The gun was not dusted for fingerprints. Sergeant Munguia, the State’s fingerprint expert, explained the procedure for lifting fingerprints. He stated that, although a shotgun is a type of object from which fingerprints can be lifted, Sergeant Mung-uia explained that it was rare to obtain a “readable” fingerprint from a firearm.
In an attempt to refute possession of the firearm, the defendant sought to establish that he lived elsewhere. To that end, his wife, Felicia Vassar, testified on his behalf. She stated that she and the defendant were married in 1999, while the defendant was incarcerated in Angola prison. Mrs. Vassar testified that she and the defendant had lived together from the time that the defendant was released from prison in 2000. Mrs. Vassar listed all of the addresses where she and the defendant lived between 2000 and June of 2005, none of which included the South Bengal Street address. According to Mrs. Vassar, the trailer belonged to the defendant’s father, who was in Mississippi. Mrs. Vassar testified that she and the defendant had a key to the trailer and that they had visited the trailer, but that neither of them had ever spent the night there or kept any belongings there.
|4On cross-examination, Mrs. Vassar acknowledged that the “DMV” query reflected that both her vehicle and the defendant’s vehicle were listed as being registered to the South Bengal Street address. However, Mrs. Vassar denied that she had registered her car to that address.[2]
Initially, Mrs. Vassar testified that she could not explain why the South Bengal address corresponded to the defendant’s driver’s license. Upon further questioning, Mrs. Vassar admitted that the defendant had used the South Bengal address in 2004 on his license. Mrs. Vassar said that they were not separated and that the defendant used the address “Just because.”
Mrs. Vassar testified that she visited her father-in-law three to four times per month and had never seen the gun in the trailer before. She did not know to whom the gun belonged.
The defendant took the stand and testified that he heard and agreed with the testimony of his wife regarding the various addresses they lived in since his release from prison. He explained that the trailer at 305 South Bengal belonged to his father. He denied possession of the shotgun and explained that the first time he had seen the gun was when the police brought it out. The defendant explained the circumstances of his being at the trailer on the night he was arrested, testifying that prior to the arrival of the police, he and a woman, who was not his wife, went to the trailer at 3:45 a.m. He and the woman were engaged in sexual relations when the police knocked on the door. According to *657 the defendant, he never lived in the trailer, but he said that this was not the first occasion he had used the trailer for a tryst.
IfiThe defendant admitted to consenting to a search of the trailer by the officers. The defendant denied knowing the shotgun was in the trailer and further stated that he had never owned a gun and knew that he could not possess a gun because of his status as a felon. The defendant had no explanation as to how the gun came to be inside the trailer.
The defendant denied that he told Sergeant Monie that he lived at the trailer. However, the defendant acknowledged that he had used the South Bengal Street address on his identification and his vehicle registration, even though he did not live there. Defendant explained that at the time he used the South Bengal Street address on his identification, he and his wife were living in a hotel and he needed an address to provide to the Department of Corrections prior to his release from prison. The defendant claimed he was released, but that his parole was revoked in 2000 and as such, he did not need to stay at the trailer. The defendant said that the hotel was not among the list of addresses provided by his wife because they only stayed at the hotel for a few weeks. The defendant explained that he had never updated his license with his new address. The defendant admitted that he had pled guilty to two counts of distribution of cocaine in 1996.
At the conclusion of trial, the jury found the defendant guilty of possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. Following the denial of the defendant’s Motions for New Trial and Post-Verdict Judgment of Acquittal, the defendant was sentenced to 10 years imprisonment. This timely appeal followed.

LAW AND DISCUSSION:

The defendant claims the evidence was insufficient to support his conviction because the State failed to prove he had knowledge of the gun in the trailer. The | (¡State responds that a review of the testimony and evidence presented in this matter supports the jury’s conclusion that the defendant exercised dominion and control over the gun, thereby intentionally possessing the gun found in the trailer.
In reviewing the sufficiency of evidence, an appellate court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tilley, 99-0569 (La.7/6/00), 767 So.2d 6, 24, cert. denied, 532 U.S. 959, 121 S.Ct. 1488, 149 L.Ed.2d 375 (2001). Under LSA-R.S. 15:438, “[tjhe rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This requirement does not establish a standard separate from the Jackson standard; rather, it provides a helpful methodology for determining the existence of reasonable doubt. State v. Jones, 98-842 (La.App. 5 Cir. 2/10/99), 729 So.2d 57, 63.
In assessing other possible hypotheses in circumstantial evidence cases, the appellate court does not determine whether another possible hypothesis suggested by a defendant could afford an'exculpatory explanation of the events. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, 1020, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994). Instead, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the possible alterna *658 tive hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under the Jackson standard. Id.
To convict a defendant of violating LSA-R.S. 14:95.1, the State must prove that the defendant was in possession of a firearm and is a convicted felon. State v. Johnson, 03-1228 (La.4/14/04), 870 So.2d 995, 998. Further, the State must prove that ten years has not elapsed since the date of completion of the punishment for the prior felony conviction. State v. Crawford, 03-1494 (La.App. 5 Cir. 4/27/04), 873 So.2d 768, 784, writ denied, 04-1744 (La.5/6/05), 901 So.2d 1083. General intent is required to commit this crime. Id.
The facts of each case determine whether the proof is sufficient to establish possession. State v. Johnson, supra at 998. Guilty knowledge of a defendant’s intent to possess a firearm may be inferred from the circumstances and proved by direct or circumstantial evidence. Id. Constructive possession of a firearm exists when a firearm is subject to a person’s dominion and control. Id. Even if the person’s dominion over the weapon is only temporary in nature and if control is shared, constructive possession exists. Id. However, mere presence of a defendant in an area where a firearm is discovered does not necessarily establish possession. Id. at 999; State v. Curtis, 99-45 (La.App. 5 Cir. 7/27/99), 739 So.2d 931, 944.
The defendant does not challenge his prior felony convictions or argue the ten-year statutory limitation period has not expired.[3] Instead, the defendant contends that the State failed to prove his guilty knowledge. He relies on several cases to illustrate the point that a defendant’s mere presence in an area with a firearm does not automatically prove possession. In State v. Evans, 29,675 (La.App. 2 Cir. 9/24/97), 700 So.2d 1039, writ denied, 97-2942 (La.1/9/98), 705 So.2d 1121, the court held that the evidence was insufficient to show constructive possession of a gun found under the seat in a' vehicle belonging to another person in which one defendant was driving and the other defendant was a passenger. The owner of the gun testified that he had placed it under the seat without the ^defendants’ knowledge and that he had inadvertently left it in the car when the defendants dropped him off. The Evans court reversed the convictions because there was no evidence they were aware of the gun under the seat. Id. at 1043-1044.
In State v. Fisher, 94-2255 (La.App. 1 Cir. 12/15/95), 669 So.2d 460, writ denied, 96-958 (La.9/20/96), 679 So.2d 432, the court held that the evidence was insufficient to prove the defendant had the general intent to possess a gun found in his sister’s purse after a search of the vehicle the defendant was driving. Although the clip was found in the defendant’s pocket, the sister’s purse was located on the front passenger’s seat floorboard and the sister produced proof that she was the gun’s registered owner. The Fisher court concluded that the evidence disclosed no intent to possess the gun, but only a mere acquiescence to the fact that the defendant’s sister owned a gun and had it in her purse. Id. at 462.
Finally, in State v. Heacox, 543 So.2d 101 (La.App. 3 Cir.1989), the court held there was no evidence that the defendant was aware of the gun, which was partially exposed on the seat of the vehicle between the defendant and the driver-owner of the vehicle. The gun belonged to the mother *659 of the driver. In reversing the defendant’s conviction, the Third Circuit noted that there was no evidence to show that the defendant was aware that the gun was in the vehicle, or that he intended to possess it, rather than mere acquiescence to the fact that the driver had a gun in his truck. Id. at 106.
The foregoing cases are distinguishable from the present matter before this Court. In those cases, the guns were found in automobiles that did not belong to the defendants and there was evidence that the guns belonged to other people, who claimed ownership of the guns at trial and explained the reasons the guns were found in areas near the defendants. Unlike these cases, no one else in the present case claimed ownership of the gun found in the trailer. Defendant was occupying |9the trailer when the gun was found and admitted to occupying the trailer on prior occasions.
In his brief, the defendant acknowledges that courts have generally found evidence of constructive possession when a gun is found in an area customarily occupied by the defendant. He notes the case of State v. Jackson, 97-1246 (La.App. 5 Cir. 4/13/98), 712 So.2d 934, writ denied, 98-1454 (La.10/16/98), 726 So.2d 37, in which this Court held that the evidence was sufficient to prove the defendant knowingly possessed the gun found in his bedroom under the mattress where he regularly slept. Despite the argument that other friends and relatives had recently stayed in defendant’s bedroom while visiting and the gun could have belonged to them, this Court found the evidence was sufficient to affirm defendant’s conviction for possession of a firearm by a convicted felon.
Further, in State v. Paul, 05-612 (La.App. 5 Cir. 2/14/06), 924 So.2d 345, 349-350, this Court found that the State proved beyond a reasonable doubt that the defendant knowingly possessed the gun found between the pillows in the room where he slept when spending the night at his father’s house. In Paul, the defendant sought to establish that he lived elsewhere. His girlfriend testified that he stayed with her and his father testified that the defendant was living with his grandmother. However, the defendant’s father admitted that the defendant slept in that bedroom when he spent the night at the house, and the defendant had identified that bedroom as his when a probation officer visited the home a month earlier. Further, the police recovered personal items bearing the defendant’s name from the room. As such, this Court held that the State presented sufficient evidence that, if believed by the jury, established the defendant would have known that the gun was in between the pillows in the room where he slept, and thus, that the gun was in the defendant’s dominion and control. Id at 350.
|inOur review of the record and evidence in this case indicates that the State presented sufficient evidence, which if believed by the jury, showed that the defendant exercised dominion and control over the gun in the trailer. The State presented evidence that the police had information that the defendant resided at that trailer before they went there at 5:00 a.m. in the morning. A check of the defendant’s. vehicle registration and the defendant’s driver’s license corresponded to that same address. Additionally, Sergeant Monie testified that the defendant gave his address as 305 South Bengal Road when Sergeant Monie executed the consent to search form before searching the trailer.
While the defendant contended at trial that he did not live at the trailer, he admitted that this was not the only time he had used the trailer for a tryst. Moreover, the defendant admitted that he listed the trailer as his residence on his driver’s license and his vehicle registration, al *660 though he denied providing the trailer’s address to Sergeant Monie on the consent form. In addition, the defendant admitted that, moments before the police showed up, he was occupying the bed in the same room where the gun was located. According to Sergeant Monie, that was the only bed he saw in the trailer, and both Sergeants Wine and Monie testified that the gun was visible upon entering the trailer.
Whether a defendant possessed the requisite intent in a criminal case is for the trier of fact, and a review of the correctness of this determination is guided by the Jackson standard. State v. Tran, 97-640 (La.App. 5 Cir. 3/11/98), 709 So.2d 311. In evaluating the sufficiency of the evidence, the trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony; thus, a reviewing court may impinge on the fact finder’s discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Johnson, 870 So.2d at 998.
In State v. Sosa, 05-213 (La.1/19/06), 921 So.2d 94, 99, the Louisiana Supreme Court reiterated the standard of review in circumstantial evidence cases:
[I]n cases involving circumstantial evidence, when a jury rationally rejects the hypothesis of innocence advanced by the defendant, that hypothesis fails, and “the defendant is guilty unless there is another hypothesis which raises a reasonable doubt,” i.e., an “alternative hypothesis ... sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.” State v. Captville, 448 So.2d at 680 (internal quotation marks and citation omitted).
In finding the defendant guilty in the present case, the jury rejected the hypothesis of innocence advanced by the defendant and believed the testimony of the State’s witnesses, rather than the defense witnesses’ testimony. Given the conflicts between the testimony of the defendant and his wife, and the defendant’s vague explanation for using the address on his vehicle registration and his driver’s license, the jury’s decision was not irrational. As such, we find that the evidence was sufficient for the jury to conclude beyond a reasonable doubt that the defendant was in constructive possession of the gun found on the dresser next to the bed the defendant was occupying when the police arrived at the trailer.
The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). There are no errors patent that require corrective action by this Court.
For the foregoing reasons the defendant’s conviction is affirmed.

AFFIRMED.

. Photographs showing that the shotgun was on top of what appears to be a hutch on the dresser were introduced into evidence.

. Although during her testimony she produced a copy of her vehicle registration for 2003-2004 that listed another address, she did not provide a copy of her registration showing the address for the year 2005.

. The defendant's 1996 distribution of cocaine convictions were established through the testimony of Sergeant Munguia and documentary evidence of the convictions. In addition, the defendant admitted his prior felony convictions.